<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

LUIS HUGO GARCIA,           :

              Civil Action No. 06-0089 (RBK)

           Petitioner,    :

           v.            :   **OPINION**

BUREAU OF PRISONS, et al.,   :

           Respondents.   :

**APPEARANCES:**

Petitioner <u>pro se</u>          Counsel for Respondents
Luis Hugo Garcia           Dorothy J. Donnelly
F.C.I. Fort Dix            Asst. U.S. Attorney
P.O. Box 7000              402 East State Street
Fort Dix, NJ 08640        Room 430
                                   Trenton, NJ 08608

**KUGLER**, District Judge

    Petitioner Luis Hugo Garcia, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241,[1] challenging the calculation of his sentence. The respondents are the Bureau of Prisons and Warden John Nash.

---

    [1] Section 2241 provides in relevant part:

    (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
    (c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

I.   <u>BACKGROUND</u>

The essential facts are not in dispute.  On December 1, 1988, Petitioner was sentenced in state court in the Commonwealth of Pennsylvania to a term of imprisonment of 18 months to five years, for possession with intent to distribute cocaine.

On December 13, 1990, two years after his state sentence was imposed, Petitioner was indicted by the federal grand jury in the Eastern District of Pennsylvania.  On January 24, 1991, pursuant to a writ of habeas corpus ad prosequendum, Petitioner was taken into federal custody.  On July 8, 1992, Petitioner was sentenced in federal court to a term of imprisonment of 324 months.  At the sentencing hearing, the Honorable Lowell A. Reed, Jr., stated:

> Having found herewith that the -- based on the amount of drugs involved and the conviction for conspiracy and that the amount of drugs involved was foreseeable to the defendant, that the -- based on his role in the offense and the basic points we have a total offense points of 40, a criminal history of II, with a sentencing range of 324 to 405 months and a statutory minimum of 240 months.  My sentence is that the defendant is remanded to the custody of the Bureau of Prisons for a period of 324 months, <u>with credit given for time served to date since his arrest in December, 1990.</u>

(Petition, Ex. (Emphasis added).)  The federal sentence imposed was silent on whether the federal and state sentences were to run concurrently.

On August 21, 1992, Petitioner was returned to state custody.  On November 30, 1993, Petitioner was released from state custody to federal custody.

On March 9, 1994, the Bureau of Prisons requested clarification from the sentencing judge as to its intent at the time of sentencing.  On May 17, 1994, the court responded to the BOP's letter with a cover letter and order.  The cover letter stated that the enclosed order amending the judgment "is intended to over come any technical prohibition to my original recommendation that the inmate receive credit for time served since January 24, 1991."  (Answer, Decl. of Robert Mayer, Ex. 1.) The order provided:

> AND NOW, this 17th day of May 1994, upon consideration of the request for clarification or amendment of the sentence, and the letter response of the government thereto, and having found that <u>it was the intention of the Court in its sentence to issue such an order as would grant actual or constructive credit to the defendant for the time served in prison after his arrest on January 24, 1991</u>, it is hereby ORDERED <u>nunc</u> <u>pro</u> <u>tunc</u> that the Judgment in a criminal case entered July 21, 1992, is hereby amended and corrected at page 2 thereof to provide as follows:

> IMPRISONMENT

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 324 months <u>to run concurrently with the state sentence being served by the defendant at the time he entered federal custody on or about January 24, 1991.</u>

(Answer, Decl. of Robert Mayer, Ex. 1 (emphasis added).)

Petitioner brings this Petition for writ of habeas corpus contending that he should receive credit for time served (a) from April 1990 to January 23, 1991, on the state sentence in a state

facility, (2) from January 24, 1991 to July 8, 1992, when he was
in federal custody pursuant to the writ of habeas corpus ad
prosequendum, and (3) from July 8, 1992 to November 30, 1993,
when he was serving his state sentence in a state facility,
pursuant to a nunc pro tunc designation of that facility as a
place of serving his federal sentence.

Respondents have answered and this matter is now ready for
disposition.

## II.  ANALYSIS

In response to Petitioner's administrative appeals and this
Petition, the BOP has recalculated Petitioner's sentence and has
given him credit for time served from January 24, 1991 to July 8,
1992, when he was in federal custody pursuant to the writ of
habeas corpus ad prosequendum.[2]  In addition, the BOP, nunc pro

---

[2] When two different sovereigns have custody of a criminal
defendant over time, the general rule is that the sovereign who
acquires custody first in time has primary jurisdiction over the
defendant.  See Chambers v. Holland, 920 F.Supp. 618, 622 (M.D.
Pa.), aff'd, 100 F.3d 946 (3d Cir. 1996) and cases cited therein.

> Primary jurisdiction remains vested in the
> [jurisdiction] which first arrested the defendant until
> that jurisdiction relinquishes its priority by, e.g.,
> bail release, dismissal of the state charges, parole
> release, or expiration of the sentence.  ...  Producing
> a state prisoner under writ of habeas corpus ad
> prosequendum to answer federal charges does not
> relinquish state custody.

Chambers, 920 F.Supp. at 622 (citations omitted).  Thus, while
Petitioner was detained pursuant to the writ of habeas corpus ad
prosequendum, he remained in the primary custody of the
Commonwealth of Pennsylvania.  Nevertheless, in imposing

tunc, has designated the state facility as a place of serving the federal sentence from July 8, 1992, to November 30, 1993.  See Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990); 18 U.S.C. § 3621(b).  (Answer, Decl. of Robert Mayer.)  Thus, Petitioner's claims as to those two periods are moot.  That leaves remaining Petitioner's claim that he should be awarded credit for time served in state custody on his state sentence from April 1990 to January 24, 1991.

The Attorney General is responsible for computing federal sentences for all offenses committed on or after November 1, 1987, United States v. Wilson, 503 U.S. 329 (1992) and 18 U.S.C. § 3585, and the Attorney General has delegated that authority to the Director of the Bureau of Prisons, 28 C.F.R. § 0.96 (1992).

Computation of a federal sentence is governed by 18 U.S.C. § 3585, and is comprised of a two-step determination of, first, the date on which the federal sentence commences and, second, the extent to which credit is awardable for time spent in custody prior to commencement of the sentence.

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

---

concurrent sentences, the federal court had authority to, and did, adjust the sentence for the time spent in custody pursuant to the writ of habeas corpus ad prosequendum.  See Ruggiano v. Reish, 307 F.3d 121 (3d Cir. 2002); U.S.S.G. § 5G1.3.

(b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-

 (1) as a result of the offense for which the sentence was imposed; or

 (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585(a), (b).

Thus, the BOP properly determined that Petitioner's sentence commenced on November 30, 1993, when he completed his state sentence and was delivered to federal custody.  Consistent with the amended judgment, the BOP has granted Petitioner credit for time served from January 24, 1991, until the sentence commenced on November 30, 1993.  Title 18 U.S.C. § 3585(b) precludes the BOP from departing from the terms of the sentence and awarding Petitioner credit for time served in state custody that is not addressed in the judgment of the federal court.

III.   <u>CONCLUSION</u>

For the reasons set forth above, the Petition must be denied.  An appropriate order follows.

s/Robert B. Kugler
Robert B. Kugler
United States District Judge

Dated: September 13, 2006

6